IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

        Plaintiff,

vs.                                             Case No. 14-4029-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

On November 3, 2014, defendant filed a motion to dismiss (Doc. 24). Plaintiff has responded to the motion and filed a motion for judgment on the pleadings (Doc. 36-38, 40-41).

As a preliminary matter, the court would note that defendant filed this motion as a Fed.R.Civ.P. 12(b)(1) motion alleging that the court lacks subject matter jurisdiction because of plaintiff's failure to commence a civil action within 60 days from the date of receipt of the final decision of the Commissioner. However, in the case of Thomas v. Astrue, Case No. 11-4088-SAC, defendant filed a motion seeking to dismiss the case for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) because the complaint was not timely filed (D. Kan. Oct. 7, 2011, Doc. 9). This is the same issue which is before the court in this case.

In the case of Bowen v. City of New York, 476 U.S. 467, 478 (1986), the U.S. Supreme Court held that the 60-day requirement for filing a review of the agency action is not jurisdictional, but rather constitutes a period of limitations.  For this reason, the court will treat the motion as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

The court would note that plaintiff is proceeding pro se. A pro se litigant's materials are entitled to a liberal reading, and consequently, the court will make some allowances for the pro se litigant's failure to cite proper legal authority, their confusion of various legal theories, their poor syntax and sentence construction, or their unfamiliarity with pleading requirements, but the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  Weaver. v. Astrue, 353 Fed. Appx. 151, 154 (10th Cir. Nov. 18, 2009).

Defendant's motion is in regards to plaintiff's claim of disability since July 1, 1992 (Doc. 24-1 at 8).  Defendant's motion references decisions on plaintiff's supplemental security income (SSI) claims rendered on January 28, 2010, August 31, 2012, and April 12, 2013 (Doc. 24-1).  Defendant, on April 12, 2013, found that plaintiff was disabled, with an onset date of disability of March 1, 2005, plaintiff's protective filing date.

This decision for SSI was considered "fully favorable" to the plaintiff (Doc. 24-1 at 27).  The notice of the fully favorable decision informed plaintiff that he had 60 days to file a civil action seeking review of the agency decision (Doc. 24-1 at 25).

**I. Applicable legal standards**

42 U.S.C. § 405(g) provides that a party may obtain judicial review in federal district court of any "final decision" of the Commissioner after a hearing.  The civil action seeking judicial review must be filed within sixty (60) days after the mailing to the party of such decision or within such further time as the Commissioner may allow.  The term "final decision" is left undefined by the Social Security Act and its meaning is to be fleshed out by the Commissioner's regulations. <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975).

The regulation concerning judicial review is as follows:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner....
>
> (c) Time for instituting civil action. **Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual**, institution, or

>agency, **except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary**.

20 C.F.R. § 422.210(a, c, emphasis added).

In the case of Bowen v. City of New York, 476 U.S. 467, 480, 106 S Ct. 2022, 2030, 90 L. Ed.2d 462 (1986), the court held that equitable tolling principles applied to the 60 day requirement set forth in the statute of limitations contained in § 405(g). A limitations period may be equitably tolled if the petitioner diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir.2007); Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007)(in a case involving the application of equitable tolling under § 405(g), the court held that a claimant must justify her untimely filing by a showing of extraordinary circumstances); Torres v. Barnhart, 417 F.3d 276, 279 (2nd Cir. 2005)(in a case involving the application of equitable tolling under § 405(g), the court held that the doctrine of equitable tolling permits courts to deem filings timely where a litigant

can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way).

The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief can be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).  The court accepts all well-pled factual allegations as true and views those allegations in the light most favorable to the nonmoving party.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court will not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001).

However, Fed.R.Civ.P. 12(d) provides:

> **Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In addition to plaintiff's complaint, the parties have presented additional evidence, including affidavits and declarations under oath.  For this reason the parties are hereby

5

notified that the court will treat defendant's motion to dismiss as a motion for summary judgment under Fed.R.Civ.P. 56.

## II. Was plaintiff's complaint timely filed?

Under the statute and regulations set forth above, plaintiff had until June 17, 2013 to file a civil action seeking review of the agency decision.  However, plaintiff did not file his civil complaint until April 17, 2014, or one year after the final notice to the plaintiff from the agency.  Plaintiff has failed to allege that some extraordinary circumstance beyond his control which prevented him from filing the civil action within 60 days as provided for by the applicable statute and regulations.  Because plaintiff failed to file his civil action in a timely manner, the court finds that plaintiff has failed to state a claim upon which relief can be granted.

## III.  Can plaintiff bring a claim for child disability benefits?

Many of plaintiff's pleadings assert a claim for childhood disability benefits (e.g., Doc. 8, 36-38, 40).  Plaintiff specifically cites to a notice of reconsideration, dated June 22, 2012, denying plaintiff childhood disability benefits (Doc. 8-1).  Therefore, the court asked defendant to specifically address this claim (Doc. 43).

Defendant filed a response on May 21, 2015, indicating that this claim is still pending before the agency, and that no final decision has been rendered regarding that claim (Doc. 44, 44-1).

As noted above, plaintiff can only seek judicial review of a "final decision" of the Commissioner. Defendant asserts, and plaintiff does not dispute, that no ALJ has issued a decision on this claim, and the Appeals Council has not reviewed such a decision. Therefore, no final decision, as defined in the regulations, has been issued regarding this claim. Because no final decision has been rendered regarding plaintiff's child disability claim, plaintiff has failed to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that plaintiff's motion to supplement (Doc. 8) is granted.

IT IS FURTHER ORDERED that defendant's motion to dismiss and/or for summary judgment (Doc. 24, 44) is granted regarding plaintiff's claim for supplemental security income payments and plaintiff's claim for childhood disability benefits for the reasons set forth above.

IT IS FURTHER ORDERED that plaintiff's motion for judgment on the pleadings (Doc. 37, 40) is denied.

Copies of this order shall be mailed to plaintiff by regular mail and certified mail, return receipt requested.

Dated this 4th day of June 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

7